# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case No.: 2:18-cr-00156-JAD-NJK |
| Plaintiff | |
| v. | **Order Granting Request to Extend Self-Surrender Date but Denying Request for Recommendations to the Bureau of Prisons** |
| Shawn Patrick Cody Dixon, | |
| Defendant | [ECF No. 92] |

In June of this year, I sentenced Defendant Shawn Patrick Cody Dixon to 41 months in prison, followed by three years of supervised release, after he pled guilty to conspiracy to distribute methamphetamine and being a felon in possession of a firearm.[1] Because the COVID-19 pandemic was then spiking in this nation's prisons, I gave Dixon a generous self-surrender deadline of January 4, 2021, to allow the Bureau of Prisons to sort out its pandemic-management issues and to permit Dixon to make arrangements for his family obligations and affairs.[2] Dixon now moves to further extend that self-surrender deadline, and he asks the court to recommend that the Bureau of Prisons (BOP) place him on house arrest or in a halfway house instead of sending him to the facility he's been designated to—1,200 miles from home.[3] The government opposes these requests, noting that the court was already generous and that there will never be a convenient time for Dixon to begin serving his sentence.[4]

---

[1] ECF Nos. 46 (plea agreement); 83 (judgment).

[2] ECF No. 83.

[3] ECF No. 92.

[4] ECF No. 94 at 2.

1     I am persuaded that a brief extension of Dixon's self-surrender date is warranted.  When I

2 initially imposed this sentence, I did raise concerns about prison management of the pandemic

3 and noted that delaying the commencement of Dixon's sentence could help protect him from

4 exposure.  With the vaccine rollout plan beginning, and prisons likely to be part of that plan

5 soon, it appears that there is a light at the end of the tunnel for such facilities.  Delaying Dixon's

6 self-surrender date by 30 more days will give the BOP additional time to coordinate such efforts.

7 Even if the vaccine has not reached Dixon's desigated facility within those additional 30 days,

8 the extra time will likely aid in further management of the virus at the facility.  And because I

9 have no information to suggest that Dixon has not been compliant on pre-surrender release, I do

10 not find that this brief delay will increase any risks to the public.  So I grant Dixon's request in

11 part and extend his self-surrender date by 30 days to February 3, 2021.[5]  Because this is the

12 second extension of this deadline,[6] this court is unlikely to further extend it, regardless of the

13 status of the pandemic or the needs of Dixon's family.

14     However, I am not persuaded to recommend that the BOP put Dixon on home

15 confinement or in a halfway house instead of the facility he has been assigned to.  Dixon's

16 counsel vigorously argued for a probationary or hybrid sentence.  Although I thoughtfully

17 considered that request and the myriad mitigation arguments that defense counsel raised, I did

18 not find appropriate anything less than a true custodial sentence—primarily because of the

19 seriousness of Dixon's offenses.  I remain convinced that a custodial sentence is called for here,

20

21

22 [5] I recognize that Dixon's daughter has special needs.  See ECF No. 93.  I considered this fact when imposing the original sentence and providing Dixon a generously long surrender date.  I do not find these circumstances to justify further extension or considerations.

23 [6] The first extension was granted at sentencing; typical self-surrender dates are 90 days after sentencing.

2

so I decline the request to recommend to the BOP anything beyond what I already have recommended.

IT IS THEREFORE ORDERED that Dixon's Motion to Continue Self-Surrender Date and for Recommendations to the Bureau of Prisons **[ECF No. 92] is GRANTED in part: Dixon's self-surrender date is extended to February 3, 2021**; the motion is denied in all other respects.

Dated: December 16, 2020

_____
U.S. District Judge Jennifer A. Dorsey